**Alan R. STUART and Elizabeth T. Stuart, Appellants**

v.

**DECISION ONE MORTGAGE COMPANY, LLC, and RFC Homecomings Financial, Appellees.**

Superior Court of Pennsylvania.

Argued March 31, 2009.

Filed June 1, 2009.

Reargument Denied Aug. 5, 2009.

David A. Scholl, Newtown Square, for appellants.

Jonathan J. Bart, Philadelphia, for RFC, appellee.

Andrew K. Stutzman, Philadelphia, for Decision One, appellee.

BEFORE: STEVENS, KLEIN and KELLY, JJ.

OPINION BY KLEIN, J.:

¶ 1 Alan R. Stuart and Elizabeth T. Stuart appeal from the decision of the trial court granting defendant's, Decision One Mortgage Company and RFC Homecomings Financial, motion for judgment on the

pleadings and refusing to allow rescission[1] of a home mortgage under the federal Truth–in–Lending Act (TILA) *after* there had been a default judgment in foreclosure. We agree with the cogent reasoning of the distinguished trial judge, the Honorable Robert J. Shenkin, that *res judicata* bars this claim. Therefore, we affirm.

¶ 2 The facts were stated by Judge Shenkin in his order granting the defendants' judgment on the pleadings as follows:

> In their amended complaint (which is a part of the record which was remanded to this court) plaintiffs claim that they have validly exercised their right to rescind a transaction with defendants and that defendants must therefore perform their statutorily mandated duties pursuant to such rescission and, in addition, respond in damages to plaintiffs. Plaintiffs concede, however, that a judgment was entered in a mortgage foreclosure action based upon the transaction which defendants claim to have rescinded and that the attempt at rescission was initiated after the judgment had been entered. Furthermore, no effort has ever been made to open or strike the judgment which is now final and unappealable. Because we agree with defendants' contention that rescission will not lie once judgment in mortgage foreclosure has been entered, we grant the motion for judgment on the pleadings.

\* \* \* \* \*

On January 26, 2004, plaintiffs obtained a mortgage loan from defendant Decision One. A mortgage foreclosure action was instituted on February 28, 2005, and judgment was entered against plaintiffs herein (defendants in the mortgage foreclosure action) on April 20, 2005, for want of an answer. On April 28, 2005, Decision One sold its interest in the judgment to defendant RFC Homecomings. By letter dated May 9, 2005, addressed to Decision One, plaintiffs' counsel attempted to initiate plaintiffs' alleged "right" to rescind the mortgage loan agreement. On May 10, 2007, plaintiffs filed this suit seeking rescission and money damages from defendants.

■ ¶ 3 With respect to an action of *rescission*, we agree with Judge Shenkin that rescission relates to the very transaction that formed the basis of the foreclosure action to which a default judgment was entered. As noted, no petition was filed to either open or strike the default judgment.

■ ¶ 4 Whether or not the Stuarts raised the claim of violation of the TILA in the foreclosure proceedings, they *could have* raised the defense by asking for rescission. *Res judicata* applies not only to claims that *were* made but also to claims that *could have* been made. *See Wilkes v. Phoenix Home Life Mut. Ins. Co.* 587 Pa. 590, 902 A.2d 366 (2006); *Glynn v. Glynn,* 789 A.2d 242, 249 (Pa.Super.2001); *Chada v. Chada,* 756 A.2d 39, 43 (Pa.Super.2000).

¶ 5 *Del Turco v. Peoples Home Savings Association,* 329 Pa.Super. 258, 478 A.2d 456 (1984), dealt with a claim that various payments were not credited to the mortgagor rather than a violation of the TILA. However, the logic is the same. This Court noted that "Clearly, the litigation of these counts, if successful, would operate to undermine the initial judgment of Peoples Home." *Id.* at 463. Likewise, in this case, a successful TILA claim would like-

---

**1.** We note that the complaint is only for rescission under the TILA, not for monetary damages.

wise undermine the initial judgment. The *Del Turco* Court phrased it as follows:

Therefore, we conclude that the preservation of the integrity of judgments and the principle of finality underpinning res judicata theory requires preclusion from judicial consideration of the averments set forth [of failure to credit payments]. Appellants had full opportunity to make these claims in the mortgage foreclosure action but failed to do so.

*Id.*

¶ 6 Judge Shenkin accurately analyzed the four factors that are necessary for *res judicata* as follows:

In granting defendants' motions, we have concluded that entry of judgment in the mortgage foreclosure action bars a later attempt to rescind the very transaction that formed the basis of the action in which judgment was entered. "A subsequent action is wholly barred if it shares with the earlier judgment a concurrence of four elements: (1) an identity of the thing sued upon; (2) an identity of the cause of action; (3) an identity of the person and parties to the action; and (4) an identity of the quality or capacity of the parties suing or sued. *In re Estate of Hillegass*, 322 Pa.Super. 139, 469 A.2d 221, 223 (1983) (citations omitted). The fundamental principle upon which [res judicata] is based is that a court judgment should be conclusive as between the parties and their privies in respect to every fact which could properly have been considered in reaching the determination and in respect to all points of law relating directly to the cause of action and affecting the subject matter before the court. *Bearoff v. Bearoff Brothers, Inc.*, 458 Pa. 494, 327 A.2d 72, 75 (1974). 'The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights.' *Township of Ohio v. Builders Enterprises, Inc.*, 2 Pa.Cmwlth. 39, 276 A.2d 556, 557 (1971).... When a judgment by default becomes final, all the general rules in regard to conclusiveness of judgments apply. *See Zimmer v. Zimmer*, 457 Pa. 488, 326 A.2d 318 (1974) (a default judgment as a result of failure to answer is as conclusive as a judgment entered on a jury verdict). A default judgment is res judicata with regard to transactions occurring prior to entry of judgment. *Quaker City Chocolate & Confectionery Co. v. Warnock Bldg. Association.*, 347 Pa. 186, 32 A.2d 5 (1943)." *Morgan Guaranty Trust Co. of New York v. Staats*, 428 Pa.Super. 479, 631 A.2d 631, 637–638 (1993).

¶ 7 The Stuarts claim, in circular logic, that the issue of rescission could not have been raised in the foreclosure action because they did not exercise their right to rescind until after the foreclosure judgment was entered. While it is true that the *trial court* could not address an issue that had not been raised, there was nothing stopping the Stuarts from asking for rescission as a defense to the foreclosure *before* judgment was entered. We note that the Stuarts not only failed to raise rescission as a defense to the foreclosure, they raised no defenses, having allowed a judgment to be entered without ever answering the complaint. Therefore, this argument is without merit.

¶ 8 Although the Stuarts claim that various bankruptcy decisions reached an opposite result, those cases did not involve claims of rescission under the TILA but rather claims for money damages. Therefore, those cases are not applicable.

¶ 9 Rather, we find the decision in *R.G. Financial Corp. v. Pedro Vergara–Nunez*, 446 F.3d 178 (1st Cir.2006), to be informa-

tive and instructive. In *Vergara,* just as in this case, the defendant failed to answer the complaint in foreclosure. Later, Vergara accused R.G. of failing to make "accurate material disclosures" [2] in the course of the loan transaction and sought rescission under the TILA. The First Circuit found that *res judicata* barred Vergara's claim for rescission. Although *Vergara* dealt with the application of Puerto Rican law and TILA, the Pennsylvania requirements for *res judicata* are similar to Puerto Rico's. Both require identity of the thing, cause, person or parties, and the capacities of those persons or parties. In this matter, just as in *Vergara,* all four conditions for *res judicata* have been met. While the Stuarts specifically claim there is no identity as to the thing sued upon, that issued was addressed by the First Circuit:

> The foreclosure suit and the Vergara's counterclaim involve the same object or matter and share a common factual origin; both actions arise out of the loan transaction, entail a determination of the validity of that transaction, and call into question the parties' rights vis-à-vis the loan and mortgaged premises. It would be impossible for Vergara to prevail on his claim that the loan transaction is subject to rescission without flatly contradicting the state court's affirmation of R & G Mortgage's right to foreclose on the encumbrance securing that loan. And, finally, because the state courts possess concurrent jurisdiction over TILA claims, Vergara could have asserted his counterclaim in the foreclosure proceeding. That he inexplicably failed to do so is beside the point.

446 F.3d at 183–84.

¶ 10 Here, the Stuarts had the opportunity to raise the issue as a defense to the foreclosure and they failed to do so. They cannot sit out one cause of action and then force the opposing party into another action over an issue that both could and should have been raised in the first place.

¶ 11 We agree with Judge Shenkin, who aptly stated:

> Adopting plaintiffs' position would undermine the finality of the judgment in mortgage foreclosure. If the transaction upon which the judgment is rescinded, it becomes a nullity for all purposes as if it had never happened. If that should occur, logically the judgment entered pursuant to the rescinded transaction would become at least voidable, if not void. With that potential challenge **to every single mortgage foreclosure proceeding** hanging in the air, how could execution on any judgment in mortgage foreclosure ever proceed? That result is untenable. Accordingly, we concluded that entry of judgment in mortgage foreclosure precludes a collateral action would which have the effect of negating that judgment, at least when such collateral action is based upon the mortgage loan transaction itself and upon events which occurred prior to the entry of the judgment in mortgage foreclosure.

Trial Court Opinion, 12/3/08, at 5–6.

¶ 12 Order granting judgment on the pleadings affirmed.

---

**2.** *Id.* at 181.