# Lynch v. U.S. Bank, N.A.

450

C.P. of Carbon County, No. 11-0143.

*Patrick J. Lynch, pro se.*
*Diane R. Lynch, pro se.*
*Linda A. Michler, for defendants.*

NANOVIC, *J.*, March 6, 2012—Patrick J. Lynch and Diane R. Lynch, plaintiffs in the above-captioned matter, have appealed our order dated December 30, 2011, which dismissed, with prejudice, the claims filed by the Lynches against U.S. Bank, N.A., as trustee ("bank").[1] This opinion is filed in accordance with Pa.R.A.P. 1925(a) (1).

PROCEDURAL AND FACTUAL BACKGROUND

The present case was commenced by complaint filed on January 20, 2011. Preliminary objections which were

---

1. In their complaint, the Lynches identified the defendant as U.S. Bank, N.A., rather than as U.S. Bank, N.A., in its capacity as Trustee. Given the history of prior litigation between the parties, the subject of that litigation being the same loan transaction at issue here, and the documented capacities in which the parties acted, it is clear that the conduct of the Bank of which the Lynches' complain was in the Bank's capacity as trustee, and that the Lynches' naming of the Bank in their complaint was incomplete. Were this not the case, then, as the recitation of the procedural and factual background evidences, the Lynches' claims, if not barred by res judicata, would be barred by collateral estoppel and the principles which underlie Pa.R.C.P. 233.1.

filed by the Bank on February 14, 2011, were denied by order dated June 16, 2011. In essence, we found the nature of the preliminary objections to be premature and more appropriately the subject of affirmative defenses.

On April 25, 2011, prior to our ruling on the bank's preliminary objections, the bank filed a motion to dismiss pursuant to Pa.R.C.P. 233.1 (frivolous litigation). At the time the preliminary objections were argued on June 16, 2011, we advised the parties that we would not be deciding the motion to dismiss until after the pleadings had been closed.

Our order denying the preliminary objections permitted the bank twenty days from the entry of the order in which to file an answer to the complaint. Prior to the passage of this time, on June 20, 2011, the Lynches unilaterally filed a first amended complaint. On July 7, 2011, the bank filed an answer, with affirmative defenses, which was responsive to the first amended complaint. The Lynches' reply to this new matter was filed on July 19, 2011. Argument on the motion to dismiss was held on July 25, 2011.

The complaint originally filed by the Lynches, as well as the first amended complaint, seeks to relitigate issues that have previously been decided in former proceedings. The history of these former proceedings are set forth in the bank's motion to dismiss and form the basis for that motion. This history must be reviewed in order to understand the reason why we dismissed the Lynches' current suit.

On July 12, 2006, the bank, as trustee for the registered holders of the Asset Backed Securities Corporation, Home Equity Loan Trust 2004-HE6, Asset Backed Pass-Through Certificates, series 2004-HE6, by its attorney-in-fact and servicing agent, Ocwen Loan Servicing, LLC, as successor to Ocwen Federal Bank (hereinafter abbreviated to Trustee) filed a complaint in mortgage foreclosure against the Lynches with respect to property owned by them at 1414 Sweet Briar Lane, Jim Thorpe, Carbon County, Pennsylvania. In paragraph 4 of this complaint, the bank averred that it was the assignee of the mortgage being foreclosed upon and, as such, had standing to commence the foreclosure proceedings.[2] When no answer was filed to the complaint, a default judgment was taken against the Lynches on August 21, 2006, in the amount of $190,081.53. No appeal was taken from that judgment. The mortgage foreclosure proceedings are docketed to No. 2223 CV 2006 of this court.

Following a sheriff's sale of the Lynches' property, the bank, as Trustee, commenced an ejectment action to have the Lynches evicted from the premises. This action was docketed to 0467 CV 2007 of this court. In that case, by order dated July 16, 2007, the Honorable David W. Addy granted the bank's motion for summary judgment and

---

2. The complaint further averred that the assignment was in the process of being recorded. (Mortgage foreclosure complaint, paragraph 4). Since the averments of the complaint made clear that the bank was the holder of the mortgage, as the legal owner and the real party of interest, the Bank's standing was evident. See *U.S. Bank, N.A. vs. Mallory*, 982 A.2d 986, 994 (Pa.Super 2009) ("[T]he recording of an assignment of the mortgage was not a prerequisite to [the bank] having standing to seek enforcement of the mortgage via a mortgage foreclosure action.").

ordered the Lynches to vacate the premises at 1414 Sweet Briar Lane, Jim Thorpe, Pennsylvania 18229. No appeal was taken from this judgment.

On February 4, 2008, the Lynches filed multiple motions and claims all docketed to the docket number for the mortgage foreclosure proceedings at 2223 CV 2006, and all directed to the bank as trustee. These consisted of a motion to set aside and vacate the judgment in mortgage foreclosure, a motion to strike the default judgment taken in the mortgage foreclosure action, and a document entitled "Informal Counterclaim or, in the alternative, a complaint for defrauding the court with fraudulent claims of recording assignment." All had as a common thread that the bank was not the true holder of the mortgage upon which the mortgage foreclosure action was based; that, in consequence, this court was without subject matter jurisdiction to hear the matter; and that all proceedings which occurred in and which grew out of the mortgage foreclosure action were a nullity.

Following a hearing held on March 19, 2008, the Honorable David W. Addy by three separate orders dated May 27, 2008, denied and/or dismissed each of the Lynches' post-judgment motions and claims. Specifically, the motion to set aside and vacate the judgment, to the extent it sought to strike the judgment in mortgage foreclosure and to set aside the subsequent sheriff's sale, was denied and, to the extent it sought monetary and equitable relief, was dismissed as procedurally improper. The informal counterclaim and the motion to strike the default judgment, the latter to the extent not previously

addressed by the court's ruling on the motion to set aside and vacate, were dismissed. No appeal was taken from any of these orders.

On August 15, 2008, the Lynches commenced a new action against the bank, as trustee, docketed to No. 2332 CV 2008. In this suit, the Lynches contended, inter alia, that the original promissory note was never validly assigned; that the bank was without standing to commence the mortgage foreclosure action without being assigned this note; that the allegations of assignment of the mortgage in paragraph 4 of the mortgage foreclosure complaint were fraudulent; and that they were entitled to monetary damages for the loss of their home, for damage to their credit history, and for punitive purposes in an aggregate amount in excess of $1,000,000. The Lynches further requested the production of all banking records to support the assignment of the original mortgage and promissory note to the bank. By order dated December 22, 2008, the Honorable David W. Addy dismissed, with prejudice, the Lynches' complaint on the basis, inter alia, that the action was barred by the doctrine of res judicata and/or collateral estoppel. The Lynches' request for reconsideration was denied, and no appeal was taken.

In the present suit, the Lynches seek to enforce a discovery request allegedly made to the bank on December 3, 2010, for information establishing the validity of the mortgage and its assignment to the bank (count I), again challenge the validity of any assignment of the mortgage to the bank (count II), and further challenge the validity of the entire loan transaction (count III). In addition to

monetary damages, the Lynches request that the judgment of foreclosure taken on August 21, 2006, be stricken. In the Lynches' concise statement of matters complained of on appeal, the Lynches openly admit that the object of this action is to question and challenge whether the bank was the true owner and holder of the mortgage which was the subject of the mortgage foreclosure action, whether the debt claimed by the bank in those proceedings was valid, and whether this court possessed subject matter jurisdiction to dispose of those issues.

## DISCUSSION

As is evident from the foregoing background, this is the fourth in a series of separate suits in which the validity of the mortgage, the bank's standing to enforce the mortgage, and the question of this court's jurisdiction to hear the matter has been litigated or could have been litigated. The three prior suits are the mortgage foreclosure action docketed to No. 2223 CV 2006, the ejectment action docketed to No. 0467 CV 2007, and the action filed to 2332 CV 2008. In addition, are the three post-judgment motions the Lynches filed to the mortgage foreclosure action.

At all times, the Lynches have represented themselves in these proceedings. The motion to dismiss filed by the bank is premised upon Pa.R.C.P. 233.1. That rule provides, in relevant part, as follows:

Rule 233.1. Frivolous Litigation. Pro se plaintiff. Motion to dismiss.

(a) Upon the commencement of any action filed

by a pro se plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

(1) the pro se plaintiff is alleging the same or related claims which the pro se plaintiff raised in a prior action against the same or related defendants, and

(2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

Under the principle of res judicata, an action is barred if it shares with a prior action a concurrence of four elements:

(1) an identity of the thing sued upon;

(2) an identity of the cause of action;

(3) an identity of the person and parties to the action; and

(4) an identity of the quality or capacity of the parties suing or sued.

*In re Estate of Hillegass*, 469 A.2d 221, 223 (Pa.Super. 1983). As further stated in *Stuart v. Decision One Mortgage Company, LLC*, 975 A.2d 1151 (Pa.Super. 2009):

The fundamental principle upon which [res judicata] is based is that a court judgment should be conclusive as between the parties and their privies in respect to every fact which could properly have been considered in reaching the determination and in respect to all points of law relating directly to the cause of action

and affecting the subject matter before the court. 'The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights.' When a judgment by default becomes final, all the general rules in regard to conclusiveness of judgments apply. A default judgment is res judicata with regard to transactions occurring prior to entry of judgment.

*Id.* at 1153. (citations omitted).

Res judicata requires identity of the thing sued upon, the cause of action forming the basis of the suit, the person or persons involved, and the capacities of such persons or parties. Without question, both in this action and in the mortgage foreclosure action, the Lynches and the Bank are the same parties and positioned in the same capacities. As to the subject matter or purpose of the suits, both involve the same loan transaction, entail a determination of the validity of that transaction, and call into question the parties' rights vis-a-vis the mortgage and underlying loan. Cf. *Stuart*, 975 A.2d at 1154 (quoting *R.G. Financial Corp. v. Pedro Vergara-Nunez*, 446 F.3d 178, 183-84 (1st Cir. 2006). Both contain an identity of the same common nucleus of facts forming the cause of action and, in both, the object of the suit is the same - the identical debt owed by the Lynches as evidenced and secured respectively by the same promissory note and mortgage.

The Lynches in this litigation seek to attack the very transaction upon which the foreclosure judgment was

based and the facts upon which are the basis of that attack have not changed. As a practical and very real matter, the whole object of the Lynches' suit is to undermine the validity of the mortgage foreclosure action and the subsequent execution proceedings.

While it is true, neither the mortgage nor its assignment were challenged directly in the foreclosure action, the Lynches clearly had the right to make that challenge. That they chose not to do so, or to raise any other defense, instead allowing a default judgment to be taken, does not somehow invalidate the application of res judicata. To the contrary, it re-enforces both it and the principle of finality upon which it is based. "Res judicata applies not only to claims that were made but also to claims that could have been made." *Stuart*, 975 A.2d at 1152.

In addition to the bar imposed by the foreclosure action, the Lynches face a second bar with respect to Judge Addy's order docketed to No. 2332 CV 2008 denying, with prejudice, the Lynches' claims. Again, res judicata bars the action. To this, consideration must also be added the post-judgment motions and claims made by the Lynches which were denied by Judge Addy and never appealed from. Those motions and claims dealt with the same issues the Lynches seek to raise again in these proceedings.

Pa.R.C.P. 233.1(a) on its face was intended to deal with the exact scenario before us: a pro se claimant making repeated claims which are the same or so closely related to those previously made that matters essential to

recovery in the later proceedings have been determined in the earlier proceedings, and which claims have been previously decided, either explicitly nor implicitly, in the prior proceedings. In sum: frivolous litigation.

## CONCLUSION

As outlined above, the Lynches have had ample opportunity to challenge the validity of the foreclosure sale of their property. The underlying issues have been decided multiple times. Finality demands an endpoint which has now been reached. The Lynches have no legitimate basis for their current suit and it has been appropriately dismissed.