J-S11016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE SUCCESSOR IN INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION AS TRUSTEE SUCCESSOR TO MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-4 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACQUELINE BLOUNT AND/OR OCCUPANTS | |
| APPEAL OF JACQUELINE BLOUNT | No. 2056 EDA 2017 |

Appeal from the Order Entered May 23, 2017
In the Court of Common Pleas of Monroe County
Civil Division at No: 735 CV 2017

BEFORE: OTT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.: **FILED JULY 09, 2018**

Appellant, Jacqueline Blount, appeals *pro se* from an order entering summary judgment in favor of Appellee, U.S. Bank National Association, in its action for ejectment and against Appellant on her counterclaims. We affirm.

In January 2004, Appellant and her husband, now deceased, entered into a mortgage with BNC Mortgage, Inc., relating to real property owned by the Blounts at 198 Scenic Drive, Blakeslee, Pennsylvania ("the Property"). Subsequently, the mortgage was assigned to Appellee, which commenced a

mortgage foreclosure action against Appellant in early 2014 and obtained a default judgment against Appellant in mid-2014. Appellant filed a petition to open judgment, which the trial court denied on July 21, 2015. Appellee purchased the Property at sheriff's sale on September 23, 2015 and recorded the sheriff's deed on October 23, 2015.

On February 2, 2017, Appellee filed a complaint in ejectment, the action that presently is before us for review. On February 21, 2017, Appellant filed an answer to the ejectment complaint with counterclaims against Appellee alleging, *inter alia*, violations of the Due Process Clause of the Fifth Amendment and the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p.

On April 18, 2017, Appellee filed a motion seeking summary judgment in its favor on the ejectment action and against Appellant on her counterclaims. Appellee argued that Appellant's counterclaims were barred by res judicata due to Appellant's failure to raise them in the underlying foreclosure action. On May 23, 2017, the trial court entered an order granting Appellee's motion for summary judgment and entering summary judgment in ejectment in favor of Appellee and against Appellant. The order, however, did not expressly resolve Appellant's counterclaims.

On June 19, 2017, Appellant appealed to this Court. On August 9, 2017, the trial court filed a Pa.R.A.P. 1925(a) opinion concluding that Appellant's counterclaims belonged in the underlying foreclosure action and could not be raised in the present ejectment action.

On June 5, 2018, we remanded this case to the trial court for entry of a final order, *i.e.*, an order that expressly disposes of Appellee's claims and Appellant's counterclaims. On June 7, 2018, the trial court entered an order granting summary judgment to Appellee on its ejectment action and against Appellant on her counterclaims. The order provides with regard to Appellant's counterclaims:

> Pa.R.C.P. 1056 prohibits counterclaims which do not arise from the same transaction or occurrence from which the cause of action arose. [Appellant's] Counterclaims do not assert a superior title and are therefore not permitted in this case. To the extent that [Appellant] alleges defects in the mortgage foreclosure proceedings which led to [Appellee's] sheriffs deed, they were concluded by the final judgment in the mortgage foreclosure case.

Order, 6/7/18, at 1.

As promised in our June 5, 2018 order, we now treat Appellant's appeal as filed in accordance with Pa.R.A.P. 905(a)(5). **See id.** ("[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

Appellant raises the following issues in her appeal:

1. Can [the trial court] issue an order outside [its] authority that deprives Appellant of a federal "Private Right of Action" of rescission and consumer protections, pursuant to Article 3 Section 2 of the Constitution for the United States of America and the laws enacted by the United States Congress, as it relates to Appellant's private property?

2. Can [the trial court] issue an order outside [its] authority that deprives Appellant of federally protected rights pursuant to the

Consumer Protection Laws, Federal Judicial Authority ---Article 3 Section 2, in the laws enacted by the United States Congress, and issue orders that give rise to the taking of Appellant's private property for public use without just compensation, Constitution for the United States of America (Amendment 5, the Bill of Rights)?

3. Can [the trial court] issue any order concerning the taking of Appellant's private property when that order was "voidable" from the beginning, by operation of law, due to fraudulent misrepresentation of the contract (Promissory Note and Mortgage), and Fraud upon the Court?

When reviewing a trial court's grant of summary judgment, our standard and scope of review are as follows:

Our scope of review is plenary, and our standard of review is the same as that applied by the trial court . . . An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

*Reinoso v. Heritage Warminster SPE, LLC*, 108 A.3d 80, 84 (Pa. Super. 2015) (*en banc*).

Although Appellant's argument is difficult to follow, she appears to claim that Appellee cannot eject her from the Property because she rescinded the underlying mortgage pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f. We agree with Appellee that this argument lacks merit. "Generally, attacks on a sheriff's sale cannot be made in a collateral proceeding." *Dime Savings Bank v. Greene*, 813 A.2d 893, 895 (Pa. Super.

2002). "An ejectment action is a proceeding collateral to that under which the land was sold." *Id.* Further, when there is a final judgment in a foreclosure action, res judicata bars a separate action by an occupant to rescind a mortgage based on the TILA. *Stuart v. Decision One Mortgage Co., LLC*, 975 A.2d 1151, 1152 (Pa. Super. 2009). Thus, Appellant's counterclaim under the TILA in this ejectment action is barred as a matter of law.

Appellant also claims that Appellee violated the Takings Clause in the Fifth Amendment by taking the Property without just compensation. Appellee responds that Appellant fails to present any evidence of a Takings Clause violation. We agree with Appellee. To prove a Takings Clause violation, the occupant must show that the private acting entity intends to use the property in question for public use. *Kelo v. City of New London*, 545 U.S. 469 (2005). Here, Appellee is not a government actor, and Appellant has failed to provide any evidence that Appellee intends to use the Property for any public use or purpose.

Finally, Appellant claims that her ejectment and/or the underlying sheriff's sale are precluded by Appellee's fraud and its violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. Appellant bases this argument on allegations that the note and mortgage were assigned in 2004 to MERS, "an entity not registered in Pennsylvania to conduct any form of business," and the note was rescinded in 2000 when the original

mortgagee, BNS, went out of business. Appellant's Brief at 5. This does not amount to a fraud or FDCPA claim; instead, it is a challenge to Appellee's standing to pursue the underlying mortgage foreclosure action due to defects in the chain of title. As such, the proper time to raise this challenge was in the underlying foreclosure action, and res judicata bars Appellant from raising it in this action. *Compare Bayview Loan Servicing LLC v. Wicker*, 163 A.3d 1039 (Pa. Super. 2017) (standing raised as defense by mortgagor in mortgage foreclosure action).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/18