J-S26031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRUCE L. WISHNEFSKY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FANELLI, EVANS AND PATEL, P.C. | : | No. 335 MDA 2021 |

Appeal from the Order Entered January 29, 2021
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s): S-628-2018

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED: DECEMBER 7, 2021**

Bruce L. Wishnefsky ("Wishnefsky") appeals, *pro se*, from the Order sustaining Preliminary Objections to Wishnefsky's Fourth Amended Complaint, filed by Fanelli, Evans and Patel, P.C. ("the Law Firm"), and dismissing Wishnefsky's Fourth Amended Complaint with prejudice. We affirm.

The parties have extensively litigated the fee dispute underlying the instant appeal. In its most recent iteration, Wishnefsky's Fourth Amended Complaint averred the following. In 1993, the Law Firm agreed to pay Wishnefsky a forwarding fee for referring cases to the Law Firm. Fourth Amended Complaint, 1/4/21, at ¶ 2. Under this arrangement, the Law Firm would pay Wishnefsky one-third of the compensation that the Law Firm ultimately received from the forwarded cases. ***Id.***

In January 1994, Wishnefsky borrowed $3,000.00 from the Law Firm, which "would be subtracted from any forwarding fees due Wishnefsky from [the Law Firm]." *Id.* at ¶ 13. However, Wishnefsky averred that, after the Law Firm had accrued significant fees in matters forwarded by Wishnefsky, the Law Firm refused to tender payment. *Id.* at ¶ 30. At that time, the Law Firm advised Wishnefsky that "payment of the forwarding fee might be improper." *Id.*

Subsequently, Wishnefsky threatened to forward a potential new case to another law firm. *Id.* at ¶ 31. The Law Firm proposed that if Wishnefsky became an employee of the Law Firm, he could recover his forwarding fees. *Id.* at ¶ 37. The Law Firm agreed to pay Wishnefsky a salary for six months, based upon an annual salary of $70,000. *Id.* at ¶ 38. "At the end of that period[, Wishnefsky's] services would be terminated[,] and he would receive a $25,000.00 severance payment from [the Law Firm]. As part of this compensation plan[, Wishnefsky] was to waive any claim he had to forwarding fees." *Id.* In accordance with this plan, Wishnefsky was placed on the Law Firm's payroll in March 1996. *Id.* at ¶ 39. In April 1996, however, the Law Firm reverted to its earlier arrangement with Wishnefsky. *Id.* at ¶ 8.

In August 1998, the Law Firm received a fee of $150,000.00 as a result of a matter that had been forwarded by Wishnefsky. *Id.* at ¶ 58. However, the Law Firm did not pay Wishnefsky this or other forwarding fees. *Id.* at ¶ 59. Since that time, Wishnefsky has filed multiple, unsuccessful legal

actions to recover his forwarding fees. *See* Trial Court Opinion, 1/29/21, at 6-8 (summarizing the prior, unsuccessful actions filed by Wishnefsky).

In the present action, Wishnefsky filed a *pro se* Complaint in the nature of a bill in equity, alleging claims for unjust enrichment and restitution. Ultimately, Wishnefsky filed his Fourth Amended Complaint on January 4, 2021, while the Law Firm's Preliminary Objections to the Third Amended Complaint were pending before the trial court. On January 8, 2021, the Law Firm filed Preliminary Objections in the nature of demurrers to Wishnefsky's Fourth Amended Complaint, based on, *inter alia*, *res judicata* and the statute of limitations. In an Opinion and Order filed on January 29, 2021, the trial court sustained the Law Firm's Preliminary Objections and dismissed Wishnefsky's Fourth Amended Complaint with prejudice.[1] Trial Court Order, 1/29/21. On February 5, 2021, after the trial court had dismissed Wishnefsky's Fourth Amended Complaint with prejudice, Wishnefsky filed Preliminary Objections to the Law Firm's Preliminary Objections to the Fourth Amended Complaint.

Wishnefsky subsequently filed a timely *pro se* Notice of Appeal of the trial court's January 29, 2021, Order, followed by a court-ordered Pa.R.A.P.

---

[1] The trial court dismissed the Law Firm's Preliminary Objections to the Third Amended Complaint as moot.

1925(b) Concise Statement of matters complained of on appeal.[2]  On March 1, 2021, the trial court dismissed Wishnefsky's February 5, 2021, Preliminary Objections as moot, as the trial court already had entered its final Order in the matter.  **See** Trial Court Order, 3/1/21.

Wishnefsky presents the following claims for our review:

I. Whether the trial court erred when it denied [Wishnefsky] due process[,] when it ruled on [the Law Firm's] Preliminary Objections before it ruled on [Wishnefsky's] Preliminary Objections to Preliminary Objections[?]

II. Whether the trial court erred when it held that [Wishnefsky] had a full and fair opportunity to litigate his claims, when it did not identify any facts that support this conclusion[?]

III. Whether the trial court erred when it did not give any consideration to the fact that [Wishnefsky] had alleged in his Complaint that in the case of **SCF Consulting LLC v. Barrack**, **Rodos v. Bacine**, 175 A.3d 273 ([Pa.] 2017) [("**SCF Consulting**"),] the [Pennsylvania] Supreme Court rejected **Wishnefsky v. Riley & Fanelli, P.C.**, 799 A.2d 827 (Pa. Super. 2002)[?]

IV. Whether the trial court erred when it held that the instant matter appears to be a breach of contract claim, not an unjust enrichment claim[?]

_____

[2] Our review of the record discloses that Wishnefsky's was in prison at the time he filed his Notice of Appeal.  Wishnefsky's Notice of Appeal is date stamped March 10, 2021.  Wishnefsky appended to his docketing statement a cash slip from prison authorities dated February 23, 2021.  The Certificate of Service attached to Wishnefsky's Notice of Appeal bears the same date.  Because Wishnefsky is *pro se* and incarcerated, we conclude that he is entitled to the benefit of the "prisoner mailbox rule."  **See** Pa.R.A.P. 121(f) (providing that filings by such litigants are "deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing, as documented by properly executed prisoner cash slip or other reasonably verifiable evidence.").

Brief for Appellant at 2 (some capitalization changed).

The applicable standard of review is as follows:

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case i[s] free and clear of doubt.

*Weiley v. Albert Einstein Med. Center*, 51 A.3d 202, 208 (Pa. Super. 2012) (citation omitted).

Wishnefsky first claims that the trial court improperly ruled on the Law Firm's Preliminary Objections to the Fourth Amended Complaint, without considering his own Preliminary Objections to the Law Firm's Preliminary Objections. Brief for Appellant at 4. Wishnefsky points out that "[p]rocedural due process requires notice and the opportunity to be heard." *Id.* (citation omitted). Wishnefsky asserts that he did not receive the Law Firm's Preliminary Objections until January 13, 2021, and "as a result, the [trial] court issued it[]s January 29, 2021, Opinion and [O]rder before [he] was able to respond." *Id.* at 4-5.

As this Court has explained,

> [a] preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the

- 5 -

court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

….

Thus, the question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

***Weiley***, 51 A.3d at 208-09 (citations and internal quotation marks omitted).

Our review of the record discloses that Wishnefsky's Preliminary Objections to the Law Firm's Preliminary Objections to the Fourth Amended Complaint averred two bases for relief: (a) the Law Firm's assertions that the affirmative defenses of *res judicata* and the statute of limitations should have been pled in new matter; and (b) the Law Firm's demurrers are supported by multiple exhibits and, therefore constitute impermissible "speaking demurrers." Plaintiff's Preliminary Objections to Defendant's Preliminary Objections, 2/5/21, at 1.

Our review of the record further discloses that the trial court dismissed Wishnefsky's Fourth Amended Complaint as barred by the doctrine of *res judicata*. Trial Court Order, 1/29/21, at 1. Thus, the trial court did not consider the issue regarding the statute of limitations in its ruling. As such, Wishnefsky's challenge, based upon the trial court's ruling on the statute of limitations Preliminary Objection, is unsupported by the record.

Regarding Wishnefsky's Preliminary Objection to the Law Firm's *res judicata* Preliminary Objection, we observe the following. "In ruling on a demurrer, the [trial] court may consider only such matters as arise out of the complaint itself; it cannot supply a fact missing in the complaint." **Hall v. Goodman Co.**, 456 A.2d 1029, 1034-35 (Pa. Super. 1983) (citation omitted).

In his Fourth Amended Complaint, Wishnefsky included a section entitled "IMPEDIMENTS TO AN EARLIER PROSECUTION OF THIS CLAIM." Fourth Amended Complaint, 1/4/21, at 10. In this section, Wishnefsky described his prior, unsuccessful causes of action for the same fees:

> 60. [Wishnefsky] filed suit in [the trial c]ourt against [the Law Firm] alleging breach of contract in January of 1999, S-21-1999[.] [Wishnefsky's Fourth] [A]mended [C]omplaint added counts for fraud and breach of an employment agreement. [The Law Firm] raised the defense of the contract being illegal[,] and the Honorable Cyrus Palmer Dolbin [("Judge Dolbin")] overruled this [P]reliminary [O]bjection. On a [M]otion for summary judgment raising the defense of *in pari delicto*, Judge Dolbin granted [the Law Firm's M]otion for summary judgment. On May 15, 2012, the Superior Court affirmed in a precedential [O]pinion, [**see Wishnefsky**] 799 A.2d at 827, and [Wishnefsky's P]etition for allowance of appeal was denied on November 13, 2002, [**see**] 813 A.2d 844 [(Pa. 2002),] by the Supreme Court of Pennsylvania.
>
> ….
>
> 64. During August of 1999, [Wishnefsky] filed suit against [the Law Firm] in the U.S. District Court for the Middle District of Pennsylvania, No. 4:99-CV-1494, alleging Civil R[ICO] claims. The District Court dismissed the case on initial screening, relying primarily on R.P.C. [*sic*] 5.4. The Third Circuit affirmed, for similar reasons[,] on August 13, 2002, [**see Wishnefsky v. Carroll**, 44 Fed Appx. 581 (3d Cir. 2002),] although [the federal judge,] who wrote the opinion for the panel, said "the fact that there was an understanding appears to be beyond dispute." **Id.** at 582.

65. On May 25, 2001, [Wishnefsky] filed a [C]omplaint with a Civil R[acketeering] claim … [and] for breach of a contract against [the Law Firm] in [the trial court], No. S-1081-2001. [The Law Firm] argued *in pari delicto* as a defense.

….

67(A). On October 20, 2014, the Honorable Jacquelin Russell granted summary judgment to [the Law Firm] in the S-1081-2001[] case.

67(B). [Wishnefsky] filed a [N]otice of [A]ppeal ….

….

68. The Superior Court affirmed this decision in an unreported memorandum[, **Wishnefsky v. Evans**, 125 A.3d 446 (Pa. Super. 2015) (unpublished memorandum),] on July 10, 2015, and the Supreme Court of Pennsylvania denied [Wishnefsky's P]etition for allowance of appeal on December 7, 2015, [**see id.**, **appeal denied**,] 128 A.3d 221 [(Pa. 2015)].

Fourth Amended Complaint, 1/4/21, at 10-11. These prior actions formed the basis of the Law Firm's *res judicata* Preliminary Objection to the Fourth Amended Complaint. Preliminary Objections to Fourth Amended Complaint, 1/8/21, ¶¶ 1-16.

In its January 29, 2021, Opinion, the trial court addressed whether the Law Firm's Preliminary Objection constituted a "speaking demurrer," the same claim raised in Wishnefsky's Preliminary Objections to the Law Firm's Preliminary Objections. The trial court stated, "because [Wishnefsky] thoroughly documented his prior lawsuits in the Fourth Amended Complaint, [the Law Firm] has properly raised the defense of *res judicata* in its Preliminary Objections." Trial Court Opinion, 1/29/21, at 11.

Our review discloses that the trial court considered only the averments in Wishnefsky's Fourth Amended Complaint, when it analyzed and sustained the Law Firm's *res judicata* Preliminary Objection. **See** Trial Court Opinion, 1/29/21, at 5-6. As such, we discern no due process violation requiring relief, where the trial court fully had considered and resolved the objection raised by Wishnefsky in his own Preliminary Objections. Consequently, Wishnefsky is not entitled to relief on his first claim. **See id.**

In his second claim, Wishnefsky argues that the trial court erred when it concluded that, in the prior causes of action, Wishnefsky had a full and fair opportunity to litigate his claim. Brief for Appellant at 5. Wishnefsky asserts that the trial court improperly failed to identify any facts that support its conclusion. **Id.** According to Wishnefsky,

> while the trial court and appeals court proceedings in **Wishnefsky v. Riley & Fanelli, P.C.**, 799 A.2d 827 (Pa. Super. 2002), were full and fair, the appeal in **Wishnefsky v. Evans** … was not, since the Memorandum Opinion was written by a biased judge, [The Honorable Victor P.] Stabile, who put great emphasis [on Wishnefsky's] irrelevant criminal case in his Memorandum Opinion.

Brief for Appellant at 6. Wishnefsky also appears to claim that the death of James J. Riley, Esquire ("Attorney Riley"),[3] whom Wishnefsky had sued in

---

[3] Attorney Riley was a partner at the Law Firm, and a person with whom Wishnefsky had negotiated his forwarding fee. Attorney Riley died while the appeal was pending in **Wishnefsky v. Evans**.

***Wishnefsky v. Evans***, had "deprived the court of jurisdiction." Brief for Appellant at 6.

Our review of the record discloses that Wishnefsky's allegations of bias by Judge Stabile are not supported by any evidence in the record. An appellate court may consider only those facts which have been duly certified in the record on appeal. ***Ruspi v. Glatz***, 69 A.3d 680, 691 (Pa. Super. 2013) (citation omitted). Those items that do not appear of record do not exist for appellate purposes. ***Stumpf v. Nye***, 950 A.2d 1032, 1041 (Pa. Super. 2008). Consequently, we cannot grant Wishnefsky relief on this claim. ***See id.***

Moreover, in its Opinion, the trial court addressed Wishnefsky's claim and concluded that it lacks merit. ***See*** Trial Court Opinion, 1/29/21, at 9-11 (summarizing the prior causes of action, and setting forth the law regarding *res judicata*), 11-16 (applying the law regarding *res judicata* and concluding that the doctrine applies to bar Wishnefsky's present cause of action). We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis regarding Wishnefsky's second claim. ***See id.***

In his third claim, Wishnefsky argues that the trial court erred in not considering the fact that the Supreme Court has since rejected its holding in ***Wishnefsky v. Riley & Fanelli, P.C.***, when it decided ***SCF Consulting***. Brief for Appellant at 6. Wishnefsky asserts that in ***SCF Consulting***, a majority of the justices concluded that fee-sharing agreements between a lawyer and a non-lawyer are not *per se* unenforceable. ***Id.*** at 7. Wishnefsky argues that,

because the Supreme Court changed the law, the Superior Court's prior holding in **Wishnefsky v. Riley & Fanelli, P.C.**, no longer precludes litigation on this issue. **Id.**

In its Opinion filed on May 3, 2021, the trial court addressed and rejected this claim:

> [W]e find [Wishnefsky's] argument to be without merit because (1) we dismissed the instant cause of action on the basis of *res judicata*, and further explained that his unjust enrichment claim is also barred because [Wishnefsky] failed to alternatively plead this claim in his previous breach of contract litigation against [the Law Firm] to recover the [] referral fees; and (2) the Pennsylvania Supreme Court did not reject **Wishnefsky v. Riley and Fanelli, P.C.**, … in **SCF Consulting** …; instead[,] the Pennsylvania Supreme Court held that fee-splitting agreements between non-attorneys, entered in violation of the Rules of Professional Conduct, are not *per se* unenforceable. Our Supreme Court further explained that the determination of whether such fee-splitting agreements are unenforceable may turn on factual findings concerning the non-law-firm party's "culpability, or the degree thereof, relative to the alleged ethical violation." **SCF Consulting, LLC**, … 175 A.3d at 277.

Trial Court Opinion, 5/3/21, at 4-5. Thus, the trial court found no merit to Wishnefsky's claim. **See id.** We agree with the sound reasoning of the trial court, as set forth above, and affirm on this basis as to Wishnefsky's third claim. **See id.**

In is fourth claim, Wishnefsky challenges the trial court's determination that Wishnefsky's present claim is a breach of contract claim. Brief for Appellant at 7. In support, Wishnefsky argues that, since he is asking for an accounting and restitution, "remedies that are not available in a breach of contract claim, the claim cannot be a breach of contract claim." **Id.**

Wishnefsky again cites **SCF Consulting** as permitting an equity claim of unjust enrichment, where a contract is unenforceable as against public policy. **Id.**

In its Opinion, the trial court addressed the applicability of the doctrine of *res judicata* and, in particular, the "identity of the cause of action." **See** Trial Court Opinion, 1/29/21, at 13-15. Although the trial court stated that "the instant action appears to be a breach of contract claim, not an unjust enrichment claim[,]" **see id.** at 14, the trial court further stated the following:

> [It] is noted that, [Wishnefsky's] unjust enrichment[FN] claim is also barred because the Pennsylvania Superior Court has held that breach of contract claims and unjust enrichment claims must be pled alternatively. [Wishnefsky's] unjust enrichment claim[s] and breach of contract claims are alternate theories of recovering, meaning they are different means to recover the same damages or relief for a single harm arising from the same facts and circumstances; therefore, [Wishnefsky] had an obligation to raise these claims at the same time. Additionally, the doctrine of *res judicata* will bar a party from raising issues in subsequent litigation that could have been litigated in the first suit, but were not.

> ---

> [FN] The Pennsylvania Superior Court has held that "theories of breach of contract and unjust enrichment **must** be pleaded alternatively in order to allow recovery under the latter theory where an express contract cannot be proven…." **Lugo v. Farmers Pride, Inc.**, … 967 A.2d 963, 970 ([Pa. Super.] 2009) [(emphasis in original)]. … "If a plaintiff fails to prove a cause of action on an express contract, he may not then attempt to prove his case in quasi-contract, unless his complaint originally, or as amended[,] sets forth a cause of action in quasi-contract." **Birchwood Lakes Community Ass'n, Inc. v. Comis**, … 442 A.2d 304, 308 ([Pa. Super.] 1982).

***Id.*** at 14-15 (one citation omitted, footnote and emphasis in original). When read in context, the statement challenged by Wishnefsky affords him no relief, for the reasons stated in the trial court's Opinion.[4] ***See id.***

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/07/2021

---

[4] We further observe that "*res judicata* will bar subsequent claims that could have been litigated in the prior action, but which actually were not...." ***Chada v. Chada***, 756 A.2d 39, 43 (Pa. Super. 2000) (citation omitted). Consequently, a party "cannot sit out one cause of action and then force the opposing party into another action over an issue that both could and should have been raised in the first place." ***Stuart v. Decision One Mortgage Co., LLC***, 975 A.2d 1151, 1154 (Pa. Super. 2009) (citation omitted).